PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Second Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 76 ]

Name of Offender: Derrick Smith   Case Number: 3:07-00133

Name of Judicial Officer: Honorable William J. Haynes Jr., Chief U.S. District Judge

Date of Original Sentence: January 25, 2010

Original Offense: Convicted Felon in Possession of a Weapon, 18 U.S.C. § 922(g)(1)

Original Sentence: 36 months' custody; followed by 36 months' supervised release

Type of Supervision: Supervised Release   Date Supervision Commenced: September 26, 2011

Assistant U.S. Attorney: Lee Deneke   Defense Attorney: Patrick Frogge

### PETITIONING THE COURT

____ To issue a Summons.   __X__ To Consider Additional Violations / Information

____ To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Addition of Alleged Violations / Information
☐ Other

Considered this 2nd day of
~~2013~~ 2014 and made a part of the records in the
above case.

William J. Haynes, Jr.
Chief U.S. District Judge

I declare under penalty of perjury that the
foregoing is true and correct. Respectfully
submitted,

U.S. Probation Officer
Lisa House

Place   Clarksville, TN

Date   December 12, 2013

ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. __76__, has been amended as follows:

    Violation No. 4 - has been added to the petition.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.    **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the probation officer.**

Derrick Smith was enrolled in intensive outpatient treatment at Centerstone on June 17, 2013. Mr. Smith has missed 26 group sessions since his start date on June 17, 2013. He has attended 9 sessions as of the date of this writing. Mr. Smith was unable to resume intensive outpatient treatment at Centerstone due to the number of sessions he missed.

Mr. Smith also failed to submit to random drug testing on August 21, 2013.

2.    **The defendant shall pay a $100 special assessment.**

Derrick Smith has a remaining special assessment balance of $25.

3.    **The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia except as prescribed by a physician:**

Derrick Smith tested positive for the use of marijuana on October 17, 2013.

4.    **The defendant shall refrain from the excessive use of alcohol and shall not puchase, possess, use, distribute, or administer any controlled substance or any paraphernalia except as prescribed by a phsician:**

Derrick Smith tested positive for marijuana and cocaine on November 19, 2013.
Derrick Smith tested positive for marijuana and cocaine on December 3, 2013.

## Compliance with Supervision Conditions and Prior Interventions:

Derrick Smith was sentenced to 36 months' custody to be followed by 36 months' supervised release for the offense of Convicted Felon in Possession of a Weapon on January 25, 2010. The term of supervised release commenced on January 26, 2011.

Mr. Smith was arrested in Clarksville, Tennessee, on October 4, 2012, for Driving Under the Influence, Implied Consent, and Simple Possession. He tested positive for marijuana on January 23, 2013, February 8, 2013, February 13, 2013, February 26, 2013, and March 10, 2013. Mr. Smith was cited in Clarksville, Tennessee, for Driving on a Suspended License on May 26, 2013. Mr. Smith was also cited on June 27, 2013, in Oak Grove, Kentucky, for Driving on a Suspended License. These violations were previously addressed by the Court on February 14, 2013. Mr. Smith requested substance abuse treatment, and the Court added a condition for substance abuse treatment on June 17, 2013. He was enrolled in intensive, outpatient substance abuse treatment on June 17, 2013, in accordance with the therapist's recommendation. He has missed 26 group sessions since his enrollment and attended 9 group sessions. Mr. Smith advised that transportation issues are a barrier in regards to his attending substance abuse treatment and testing as directed. Mr. Smith reports employment at Sheem Automotive. He has not provided the probation officer with any required verification of this employment.

On September 20, 2013, the original "Petition for Warrant for Offender Under Supervision" was filed with the Court charging two violations. A "Superseding Petition for Warrant for Offender Under Supervision" was filed with the Court on November 14, 2013, including additional violations/information in Violation Number Two of the original report and Violation Number Three was added.

The Court issued a summons following the original petition dated September 20, 2013. Mr. Smith appeared in Court pursuant to that summons on October 4, 2013, and was released pending the revocation hearing with all previously imposed conditions of supervised release to remain in effect. The revocation hearing was scheduled for November 8, 2013, but was continued on October 25, 2013, with no future date set at that time.

It should be noted that Mr. Smith paid the $25 special assessment balance on October 4, 2013.

Mr. Smith tested positive for marijuana on October 17, 2013. He admitted use to the probation officer and requested substance abuse treatment. Mr. Smith was evaluated at Centerstone on October 24, 2013. The therapist recommended that he be referred for inpatient substance abuse treatment. The U. S. Probation Office initiated the process of looking into inpatient substance abuse treatment.

As previously stated, Mr. Smith tested positive for marijuana and cocaine on November 17, 2013. He admitted use to the probation officer. The revocation hearing was scheduled for November 25, 2013. A joint motion to continue the revocation hearing was filed on November 22, 2013, advising the Court that Mr. Smith continued to test positive and requested that the revocation hearing be continued for 60 days to allow additional time to pursue inpatient substance abuse treatment. The Court granted the motion on November 23, 2013.

Mr. Smith tested positive for marijuana and cocaine on December 3, 2013. He admitted use to the probation officer. He was instructed to complete the inpatient substance abuse assessment process required by Lloyd C. Elam Center by December 11, 2013. According to Mr. Smith, an assessment was completed at the Lloyd C. Elam Center on December 11, 2013. He will not be admitted for inpatient treatment for approximately four to six weeks. Mr. Smith has been instructed to cease his drug usage pending admission into the treatment program.

## Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

## U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violation/information be considered at the revocation hearing.

This matter has been submitted to Assistant U.S. Attorney, Lee Deneke, who concurs with the recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. DERRICK SMITH, CASE NO. 3:07-00133

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 5 to 11 months | No Recommendation |
| SUPERVISED RELEASE: | 36 months | 36 months less any term of imprisonment *18 U.S.C. 3583(h)* | No Recommendation |

**Guideline Policy Statements:** Upon a finding of a Grade C violation the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G.§ 7B1.3(a)(2).

Respectfully Submitted,

Lisa House
U.S. Probation Officer

Approved:

Vidette Putman
Supervising U.S. Probation Officer